**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
521 5th Avenue, Suite 1744
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HUGO BONILLA and DARWIN MORENO PACHECO,** *on behalf of themselves and others similarly situated*, <br><br> **Plaintiff,** <br><br> - against - <br><br> **DIVERSIFIED GLASS & STOREFRONTS INC., MJM CONTRACTORS LLC, NORTH MIDLAND CONTRACTING LLC, J & E BUILDING SERVICES INC., JOHN QUINN, and DECLAN GALLAGHER** <br><br> **Defendants.** | **Case No:** <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs HUGO BONILLA and DARWIN MORENO PACHECO (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, DIVERSIFIED GLASS & STOREFRONTS INC., MJM CONTRACTORS LLC, NORTH MIDLAND CONTRACTING LLC, J & E BUILDING SERVICES INC., (collectively, "Corporate Defendants" or "Diversified") JOHN QUINN and DECLAN GALLAGHER (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and alleges as follows:

1

## INTRODUCTION

1.      Plaintiffs bring this action on behalf of themselves and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiffs also bring this action on behalf of themselves and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) stautory penalties, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiffs*

7.      Plaintiff Bonilla is an adult who resides in the Bronx, New York.

8.      Plaintiff Pacheco is adult who resides in the Bronx, New York.

9.      Plaintiffs are covered employee within the meaning of the FLSA and/or NYLL.

10.     Plaintiffs retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

### *Defendants*

11.     At all relevant times, Defendants owned and operated an enterprise comprised of multiple corporate entities, namely: "Diversified Glass & Storefronts Inc.," "MJM Contractors LLC," "North Midland Contracting LLC," and "J & E Building Services Inc."

12.     At all relevant times Corporate Defendants provided glass and storefront installation and maintenance services throughout the New York Metropolitan area.

13.     At all relevant times, Defendants owned and operated the Corporate Defendants as a single integrated enterprise. Specifically, Defendants had a common business purpose, shared common ownership and management, shared office and administrative staff, used the same office space, engaged in interrelated operations, and have centralized control of labor relations.

14.     At all relevant times, employees and equipment were interchangeable and freely transferred among Corporate Defendants.

15.     At all relevant times, employees, including Plaintiffs were interchangeable between Defendants' various entities, and received pay checks from each of the named Corporate Defendants.

16.     At all relevant times, Corporate Defendants were operated under the same wage and hour policies established by Individual Defendants.

17.     At all relevant times, Defendants jointly employed Plaintiffs and similarly situated employees.

18.     At all relevant times, each Defendant had substantial control over Plaintiffs' and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

19.     At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

### DIVERSIFIED GLASS & STOREFRONTS INC.

20.     Corporate Defendant DIVERSIFIED GLASS & STOREFRONTS INC. is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 8 Olympic Drive, Orangeburg, New York 10962 and an address for service of process located at 4526 Bullard Avenue, Bronx, New York 10470.

21.     At all relevant times, DIVERSIFIED GLASS & STOREFRONTS INC. had an annual dollar volume of sales in excess of $500,000.

22.     DIVERSIFIED GLASS & STOREFRONTS INC. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiffs and similarly situated employees.

23.     At all relevant times, DIVERSIFIED GLASS & STOREFRONTS INC. has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

24.    DIVERSIFIED GLASS & STOREFRONTS INC. applies the same employment policies, practices and procedures to all non-exempt employees at Diversified.

25.    DIVERSIFIED GLASS & STOREFRONTS INC. is listed as the payor on pay stubs and paychecks received by employees of Diversified.

### MJM CONTRACTORS LLC

26.    Corporate Defendant MJM CONTRACTORS LLC is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business located at 329 Outwater Lane, Garfield, New Jersey 07026.

27.    At all relevant times, MJM CONTRACTORS LLC had an annual dollar volume of sales in excess of $500,000.

28.    MJM CONTRACTORS LLC is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiffs and similarly situated employees.

29.    At all relevant times, MJM CONTRACTORS LLC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

30.    MJM CONTRACTORS LLC applies the same employment policies, practices, and procedures to all non-exempt employees at Diversified

### NORTH MIDLAND CONTRACTING LLC

31.    Corporate Defendant NORTH MIDLAND CONTRACTING LLC is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business located at 150 N. Midland Avenue, Saddle Brook, New Jersey 07663.

32.     At all relevant times, NORTH MIDLAND CONTRACTING LLC had an annual dollar volume of sales in excess of $500,000.

33.     NORTH MIDLAND CONTRACTING LLC is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiffs and similarly situated employees.

34.     At all relevant times, NORTH MIDLAND CONTRACTING LLC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

35.     NORTH MIDLAND CONTRACTING LLC applies the same employment policies, practices, and procedures to all non-exempt employees at diversified.

### J & E BUILDING SERVICES INC.

36.     Corporate Defendant J & E BUILDING SERVICES INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 8 Olympic Drive, Orangeburg, New York 10962 and an address for service of process located at 110 King Avenue, Yonkers, New York 10704.

37.     At all relevant times, J & E BUILDING SERVICES INC had an annual dollar volume of sales in excess of $500,000.

38.     J & E BUILDING SERVICES INC is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiffs and similarly situated employees.

39.     At all relevant times, J & E BUILDING SERVICES INC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

40.     J & E BUILDING SERVICES INC applies the same employment policies, practices, and procedures to all non-exempt employees at Diversified.

***JOHN QUINN***

41.     At all relevant times, Individual Defendant JOHN QUINN is the President, owner, and operator of Diversified.

42.     At all relevant times, JOHN QUINN has been a principal of each of the Corporate Defendants.

43.     At all relevant times, JOHN QUINN has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at Diversified.

44.     At all relevant times, JOHN QUINN has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiffs and similarly situated employees at Diversified.

45.     At all relevant times, JOHN QUINN has had the power to maintain employment records, including time and/or wage records of Diversified employees.

46.     At all relevant times, JOHN QUINN has been actively involved in managing the day to day operations of Corporate Defendants.

47.     At all relevant times, JOHN QUINN has had authority over personnel or payroll decisions and employment policies, practices and procedures for Diversified.

48.     At all relevant times, JOHN QUINN has had the power to prevent or stop any unlawful pay practices that harmed Plaintiffs and similarly situated employees.

49.     JOHN QUINN is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiffs and similarly situated employees.

*DECLAN GALLAGHER*

50. At all relevant times, Individual Defendant DECLAN GALLAGHER was the Director of Operations for Diversified.

51.    At all relevant times, DECLAN GALLAGHER has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at Diversified.

52.    At all relevant times, DECLAN GALLAGHER has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiffs and similarly situated employees at Diversified.

53.    At all relevant times, DECLAN GALLAGHER has had the power to maintain employment records, including time and/or wage records of Diversified's employees.

54.    At all relevant times, DECLAN GALLAGHER has been actively involved in managing the day to day operations of Corporate Defendants.

55.    At all relevant times, DECLAN GALLAGHER has had authority over personnel or payroll decisions and employment policies, practices and procedures at Diversified.

56.    At all relevant times, DECLAN GALLAGHER has had the power to prevent or stop any unlawful pay practices that harmed Plaintiffs and similarly situated employees.

57.    DECLAN GALLAGHER is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiffs and similarly situated employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

58.    Plaintiffs bring the First Cause of Action, the FLSA claims, on behalf of themselves and all similarly situated current and former non-exempt employees employed by Diversified from the date that is six (6) years prior to the filing of this Class and Collective

Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

59.    At all relevant times, Plaintiffs and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the full minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

60.    All of the work that Plaintiffs and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

61.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

62.    For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

<u>**NEW YORK CLASS ACTION ALLEGATIONS**</u>

63.    Plaintiffs bring the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of themselves and a class of persons consisting of all current and former non-exempt employees employed by Diversified from the date that is six (6) years prior to the filing

of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

64.    Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

65.    The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

66.    The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is little doubt that there are more than forty (40) members of the Class.

67.    Plaintiffs' claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

68.     Plaintiffs and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay overtime wages, (ii) failing to provide proper wage notices, and (iii) failing to provide proper wage statements, in violation of the NYLL.

69.     Plaintiffs and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

70.     Plaintiffs and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

71.     Plaintiffs are able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

72.     Plaintiffs are represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

73.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

74.    On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

75.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

76.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

77.    Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiffs and individual Class Members and include, but are not limited to, the following:

   a.  Whether Defendants employed Plaintiffs and Class Members within the meaning of the NYLL;

   b.  Whether Defendants paid Plaintiffs and Class Members overtime premiums for hours worked in excess of forty hours each work week;

    c.   Whether Defendants failed to furnish Plaintiffs and Class Members with proper wage notices, as required by the NYLL; and

    d.   Whether Defendants failed to furnish Plaintiffs and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

78.    Plaintiff Bonilla has been employed by Defendants as glazier from around December 1, 2007 through the present.

79.    Throughout his employment with Defendants, Plaintiff's primary duties included glass and metal as well as storefront installations.  While Plaintiff held the title of foreman for many of the jobs he worked on, at no time could he exercise the authority to hire or fire employees, set employee schedules, set or determine employee compensation, or otherwise discipline employees.  Plaintiff's day to day duties required him to work long hours performing hard manual labor.  Furthermore, Plaintiff Bonilla was never paid on a salary basis.

80.    From 2014 until around February 2019, Plaintiff Bonilla worked six days per week, Monday through Saturday from 6:00 a.m. to 5:00 p.m., and sometimes 6:00 p.m., with one thirty minute break per day.  Additionally, at least once per month, Plaintiff worked Sunday from 7:00 a.m. to 4:00 p.m.   Thus, during this period, Plaintiff worked between sixty-three (63) and seventy-seven and a half (77.5) hours per week.

81.    From around February 2019 through March 2020, Plaintiff Bonilla worked Monday through Saturday from 6:00 a.m. to 5:00 p.m. with one thirty minute break per day. Additionally, at least once every month, Plaintiff worked Sunday from 7:00 a.m. to 4:00 p.m. Thus, during this period, Plaintiff worked between sixty-three (63) and seventy-one and a half (71.5) hours per week.

82.     From March 2020 through the present, Plaintiff Bonilla worked Monday through Friday from 7:00 a.m. to 4:00 p.m with one thirty minute break per day.  Thus, during this period, Plaintiff worked approximately forty-two and a half (42.5) hours per week.

83.     Through Plaintiff Bonilla's employment he was paid on an hourly basis.  In 2014 Plaintiff was paid $30 per hour, from 2015 through until around May 2018 Plaintiff was paid $35 per hour, from May 2018 until January 2019 he was paid $38 per hour, and from around January 2019 through the present Plaintiff was paid $40 per hour.

84.     From the start of his employment though May 2018, Defendants paid Plaintiff his straight hourly rate for all hours worked, including those in excess of forty hours per week.  Thus during this period, Defendants completely failed to pay Plaintiff any overtime premiums despite working significantly more than forty hours per week.

85.     Plaintiff Pacheco has been employed by Defendants as mechanic from 2010 until the termination of his employment in or around September 2020.

86.     Throughout his employment with Defendants, Plaintiff's primary duties included glass and metal as well as storefront installations.  While Plaintiff held the title of foreman for some of the jobs he worked on, at no time could he exercise the authority to hire or fire employees, set employee schedules, or otherwise discipline employees.  Plaintiff's day to day duties required him to work long hours performing hard manual labor.  Furthermore, Plaintiff Pacheco was never paid on a salary basis.

87.     From 2014 until around May 2017, Plaintiff Pacheco worked six days per week, Monday through Saturday from 6:00 a.m. to 5:00 p.m., and sometimes 6:00 p.m., with one thirty minute break per day.  Additionally, at least once per month, Plaintiff worked Sunday from 7:00

a.m. to 4:00 p.m.    Thus, during this period, Plaintiff worked between sixty-three (63) and seventy-seven and a half (77.5) hours per week.

88.    From around May 2017 through March 2020, Plaintiff Pacheco worked Monday through Saturday from 6:00 a.m. to 5:00 p.m. with one thirty minute break per day.  Thus, during this period, Plaintiff worked sixty-three (63) hours per week.

89.    From March 2020 until the termination of his employment, Plaintiff Pacheco worked Monday through Friday from 7:00 a.m. to 4:00 p.m with one thirty minute break per day. Thus, during this period, Plaintiff worked approximately forty-two and a half (42.5) hours per week.

90.    Through Plaintiff Pacheco's employment he was paid on an hourly basis.  In 2014 Plaintiff was paid $20 per hour, from 2015 through until around May 2017 Plaintiff was paid $22 per hour, from May 2017 until January 2018 he was paid $24 per hour, and from around January 2018 until around January 2019 Pacheco was paid $26 per hour, and from around February 2019 until the termination of his employment, Plaintiff was paid $28 per hour.

91.    From the start of his employment though at least May 2017, Defendants paid Plaintiff his straight hourly rate for all hours worked, including those in excess of forty hours per week.  Thus during this period, Defendants completely failed to pay Plaintiff any overtime premiums despite working significantly more than forty hours per week.

92.    Throughout their employment with Defendants, Plaintiffs did not receive any notices of pay rate or pay day from Defendants, as required under the NYLL.

93.    Throughout their employment with Defendants, Plaintiff did not receive proper wage statements from Defendants, as required under the NYLL.

94.     Based on Plaintiff's observations and conversations with their co-workers at Diversified, Plaintiff, FLSA Collective Members and Class Members were subject to the same unlawful wage and hour policies.

95.     Defendants knowingly and willfully operated their business with a policy of failing to pay overtime wages to Plaintiffs, FLSA Collective Members and Class Members for all hours worked in excess of forty hours in violation of the FLSA and NYLL.

96.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiffs and Class Members pursuant to the requirements of the NYLL.

97.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

98.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

99.     Defendants failed to pay Plaintiff Bonilla and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

100.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

101.    Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Members overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and FLSA Collective Members.

102.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

103.    As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

104.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

105.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.    At all times relevant, Plaintiffs and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

107.    Defendants failed to pay Plaintiffs and Class Members the overtime wages for hours worked in excess of forty (40) per week, to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

108.    Defendants failed to furnish Plaintiffs and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

109.    Defendants failed to furnish Plaintiffs and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

110.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

111.    Defendants failed to properly disclose or apprise Plaintiffs and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

112.    As a result of Defendants' willful violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, statutory damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a.    Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.    Certification of this case as a class action pursuant to Rule 23;

c.    Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d.    An award of unpaid overtime wages due under the FLSA and NYLL;

e.    An award of liquidated damages as a result of Defendants' willful failure to pay overtime pursuant to the FLSA or NYLL;

f.    Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

g.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

h.  Pre-judgment and post-judgment interest;

i.  Reasonable attorneys' fees and costs of this action;

j.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

k.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  November 20, 2020            Respectfully submitted,

**BROWN, KWON & LAM LLP**

By:      */s/ William Brown*

William Brown, Esq. (WB6828)
521 5th Avenue, Suite 521
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**FLSA CONSENT FORM**

      I hereby consent to be part of the lawsuit against Diversified Glass & Storefronts Inc., MJM Contractors LLC, North Midland Contracting LLC, J & E Building Services Inc., John Quinn, Declan Gallagher and any such other Defendants who may be added to the case in the future.  I understand that the lawsuit alleges wage violations under the Fair Labor Standards Act. I hereby give consent to the law firm of Brown Kwon & Lam, LLP to bring this suit on my behalf.

_Hugo Bonilla_____
First and Last Name (printed)

_____
Signature

_11/18/2020_____
Date

21

**FLSA CONSENT FORM**

      I hereby consent to be part of the lawsuit against Diversified Glass & Storefronts Inc., MJM Contractors LLC, North Midland Contracting LLC, J & E Building Services Inc., John Quinn, Declan Gallagher and any such other Defendants who may be added to the case in the future.  I understand that the lawsuit alleges wage violations under the Fair Labor Standards Act. I hereby give consent to the law firm of Brown Kwon & Lam, LLP to bring this suit on my behalf.

Darwin Moreno
First and Last Name (printed)

Signature

11 / 18 / 20
Date

22