**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
Email: info@bkllawyers.com



April 16, 2021

**Via ECF and Electronic Mail**
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        RE:   *Hugo Bonilla, et al. v. Diversified Glass & Storefronts, Inc., et al.*
                Case No. 1:20-cv-9805 (KPF)

Dear Judge Failla:

      This firm represents Plaintiffs Hugo Bonilla and Darwin Moreno Pacheco in the above-referenced matter. We write, jointly with counsel for Defendants, to respectfully request judicial approval of the settlement agreement between Defendants and Plaintiff Hugo Bonilla ("Plaintiff") attached hereto as **Exhibit 1** (the "Agreement"), pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The Agreement resolves Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the total amount of $10,000.00. As part of this motion, Plaintiff's counsel requests attorneys' fees of one-third (1/3) or $3,221.29 plus costs of $336.13 from the total settlement amount. For the reasons outlined below, the Court should approve this $10,000.00 settlement as a fair and reasonable compromise of Plaintiff's claims against Defendants.

**BACKGROUND**

      On November 20, 2020, Plaintiff commenced this action, alleging that Defendants failed to pay Plaintiff all due overtime wages in violation of the FLSA and NYLL. The Complaint additionally alleges violations of the NYLL for statutory damages for failure to provide wage notices and proper wage statements. See Plaintiff's Complaint (ECF Dkt. No. 1).

      At the time the Complaint was filed, Plaintiff was employed by Defendants. On January 19, 2021, Defendants' counsel, Pat Benn, Esq., produced to the undersigned a release agreement signed by Plaintiff dated December 16, 2019. According to the release agreement, in return for a payment of $15,867.60, Plaintiff agreed to release all potential claims, including those under the FLSA and NYLL. Furthermore, on January 19, 2021, Defendants filed a separate lawsuit against Plaintiff in the Supreme Court of the State of New York, County of Rockland, seeking repayment of allegedly unpaid loans totaling $53,883.00.[1] Finally, on January 20, 2021, Defendants placed Plaintiff on paid administrative leave alleging violations of company policy.

      Following these revelations, the parties engaged in extensive arm's-length negotiations, taking place over the course of more than two months. The parties were finally able to reach an

---

[1] *Diversified Glass & Storefronts, Inc., et al. v. Hugo Bonilla, et al.*, Index No. 030274/2021.

agreement in principle on March 19, 2021. The parties' formal settlement agreement was fully executed on April 6, 2021. See **Exhibit 1**. The parties also entered into a separate severance agreement in consideration for Plaintiff's voluntary resignation from Diversified and to resolve the state court lawsuit. The severance agreement further releases potential non-wage claims that arose subsequent to the filing of this lawsuit and contains a confidentiality clause limited to the terms of that agreement. *See Chowdhury v. Brioni Am., Inc.*, No. 16 Civ. 344, 2017 U.S. Dist. LEXIS 196469, at *13 (S.D.N.Y. Nov. 29, 2017) ("Judges in this District routinely approve bifurcated settlement agreements, in which the parties submit their FLSA agreement for court review and approval but enter into a separate agreement that addresses the non-FLSA claims, which does not require judicial [review and approval] and may contain provisions that would be impermissible under *Cheeks*.") (citing *Ortiz v. Breadroll, LLC*, No. 16 Civ. 7998, 2017 U.S. Dist. LEXIS 73657, at *4-5 (S.D.N.Y. May 15, 2017); *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986, 2016 U.S. Dist. LEXIS 61994, at *3, n. 1 (S.D.N.Y. May 10, 2016) (approving bifurcated settlement agreements, one resolving plaintiff's FLSA claims and the other privately resolving plaintiff's discrimination claims and containing a general release).

## THE SETTLEMENT IS FAIR AND REASONABLE

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

### A. Plaintiff's Range of Possible Recovery

The first factor weighs in favor of approval. Assuming a best-case scenario, that all of the disputed facts alleged by Plaintiff are entirely correct, Plaintiff's calculation of damages amounts to: $192,300.00, representing $96,150.00 in unpaid wages, $96,150.00 in liquidated damages and $10,000 in statutory penalties. See **Exhibit 2** for Plaintiff's assumptions and calculation of damages. However, Defendants performed their own damages assessment which takes into account the actual wages paid to Plaintiff, and determined, even assuming Plaintiff's assumptions are correct, backpay totaling $21,775.00.

However, the greater issue in this case is the release agreement signed by Plaintiff on December 16, 2019. Defendants argue that Plaintiff released all potential FLSA and NYLL claims under the release agreement. Plaintiff argues that the release agreement is unenforceable as FLSA releases, even for out-of-court settlements, must be approved either by the Department of Labor or by the court. Plaintiff further asserts that with respect to his NYLL claims, the release is substantively and procedurally unconscionable. Nevertheless, Plaintiff is well aware that should his arguments fail, and the release is found to be fully enforceable, his recovery would fall to $0.

B. <u>Litigation Costs and Risks</u>

The second and third factors also favor approval. If the parties were to continue litigation, Plaintiff's first hurdle would be the release agreement. The question of the whether the release agreement is enforceable is a dispositive issue that has the potential to result in the dismissal of his entire case. In addition, there is a possibility that the FLSA release would be deemed to be unenforceable, while the NYLL release would be enforced. If that were the case, Plaintiff would only be entitled to about six months-worth of unpaid overtime rather than the more than four years-worth of damages alleged in the Complaint.[2] Under such a scenario, using the assumptions in Plaintiff's calculation of damages, Plaintiff's maximum recovery for unpaid overtime would be $14,175.00.[3]

Even if Plaintiff prevailed, in whole or in part, on the issue of the enforceability of the release agreement, the parties would still need to conduct full discovery, including production of documents and depositions of all parties, including corporate representatives for Defendants. Moreover, litigation would require extensive legal briefing from both sides. As such, continued litigation would require significant time and expense.

In addition, there is the issue of Defendants' state court lawsuit against Plaintiff, which the parties are concurrently resolving in a separate agreement. While Plaintiff vehemently denies the allegations in the state court lawsuit, if the parties were to continue with litigation, there is a possibility that a judgment against Plaintiff in the state court case could exceed his total recovery in this case.

Accordingly, Plaintiff believes it to be in his best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiff believes that the settlement amount is a fair result, accounting for the significant risks faced.

C. <u>Arm's-Length Bargaining and Lack of Fraud or Collusion</u>

The fourth and fifth factors also weigh in favor of approval. Plaintiff's counsel and Defendants' counsel have negotiated at arm's length over the course of more than two months. In addition, both parties' counsel have significant experience handling wage and hour claims. Moreover, the settlement is the product of arm's-length bargaining as the settlement amount represents a reasonable resolution of Plaintiff's claims given the risks of proceeding. Further, the

---

[2] The Complaint, filed November 20, 2020, alleges that Defendants started paying Plaintiff overtime wages starting on or around June 1, 2018. Therefore, assuming a three-year statute of limitations, Plaintiff's FLSA claim covers the period from November 20, 2017 until May 31, 2018 (i.e., 26 weeks).
[3] $14,175.00 = ($52.50 x 30 hours) – ($35 x 30 hours) x 26 weeks

red-flag issues identified in *Cheeks* are not present here. The Agreement does *not* contain an overly broad general release, or a confidentiality or non-disparagement provision. See **Exhibit 1**.

Lastly, as will be discussed below, Plaintiff's counsel's requested attorneys' fees are not excessive as they only seek one-third of the settlement, which is typical of FLSA cases. The parties' separate severance agreement also provides for attorneys' fees in the amount of one-third of the settlement amount. Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiff respectfully requests that the Court find that the Agreement is a "fair and reasonable" compromise of his FLSA claims against Defendants and approve the settlement.

## THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

Plaintiff further seeks approval of attorneys' fees and costs. In accordance with Plaintiff's contingency-fee basis retainer agreement with Plaintiff's counsel, the Agreement provides that Plaintiff's counsel will recover $3,557.42, equaling (i) $336.13 in costs (i.e., ECF filing fee and service of process cost, divided by two plaintiffs) and (ii) $3,221.29 in attorneys' fees, which is one-third of the $10,000 settlement amount after deduction of the $336.13 in costs. See **Exhibit 1**, Section 1.c. The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiff in his retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with representation.

Plaintiff's counsel has worked without any compensation to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiff's counsel has spent approximately 37.3 hours investigating, researching, and litigating Plaintiff's claims, and negotiating and preparing the settlement, for a lodestar of $14,920.00. See **Exhibit 3** for Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Plaintiff's counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Lastly, Plaintiff's counsel expended $336.13 on the ECF filing fee and service of process cost for Plaintiff's lawsuit. This cost is commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

\*        \*        \*

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

>Respectfully submitted,
>
>*/s/ William Brown*
>
>William Brown, Esq.
>wbrown@bkllawyers.com

cc:   all parties via ECF

The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g.*, *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable. It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorneys and paralegals representing Plaintiff.

Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case as to Plaintiff Hugo Bonilla. The Court will also so-order separately a stipulation of dismissal if the parties submit such a document.

Dated:   April 19, 2021          SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

5